IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**LARRY THOMAS,** *et al.*                                                                                           **APPELLANTS**

v.                                              3:09CV00049-WRW

**BARTON, AG,** *et al.*                                                                                              **APPELLEES**

### ORDER

Pending is Appellants' *pro se* appeal of a United States Bankruptcy Court Order denying Appellants' Motion for Relief under Federal Bankruptcy Rule of Procedure 9024, Motion to Reopen Case, and Amended Notice of Appeal.[1] The United States District Court has jurisdiction to hear appeals from final judgments and orders of the Bankruptcy Court under 28 U.S.C. § 158(a).

**I.     BACKGROUND**

Appellants filed bankruptcy on April 2, 2007, and the bankruptcy case was closed on November 13, 2007.[2] On April 4, 2008, Appellants moved to reopen the case in order to file a contempt motion.[3] The Bankruptcy Court granted the motion to reopen the case,[4] and Appellants filed their Motions for Contempt.[5] Creditor Farm Service Agency filed a Motion to Dismiss

---

[1] Appeal from United States Bankruptcy Court, Eastern District of Arkansas, Jonesboro Division, case number 3:07-bk-11716.

[2] Bankr. Doc. No. 77.

[3] Bankr. Doc. No. 78.

[4] Bankr. Doc. No. 84.

[5] Bankr. Doc. Nos. 85, 94, 109.

1

Case/Motion to Dismiss Motions for Contempt,[6] which was granted on November 26, 2008 (the "November 26 Order").[7]

On December 10, 2008, Appellants filed a Notice of Appeal to Bankruptcy Appellate Panel.[8] The Bankruptcy Court dismissed the Notice of Appeal,[9] because the Appellants filed the Notice outside the time limit.[10] For relief from this dismissal, Appellants filed a Motion For Relief from Judgment Pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure on December 15, 2008.[11] The Bankruptcy Court denied the Motion.[12]

On January 9, 2009, Appellants filed a Motion to Reopen Chapter 7 Case,[13] Motion for Relief from Judgment Pursuant to Bankruptcy Rule 9024 ("Motion for Relief from Judgment"),[14] and an Amended Notice of Appeal to U.S. District Court.[15] In an Order entered on March 20, 2009 (the "March 20 Order"), the Bankruptcy Court denied those Motions.[16] On March 30, 2009, Appellants then filed a Notice of Appeal to District Court, appealing the March 20 Order. That

---

[6]Bankr. Doc. No. 113.

[7]Bankr. Doc. No. 139.

[8]Bankr. Doc. No. 142.

[9]Bankr. Doc. No. 143.

[10]Fed. R. Bankr. Proc. 8002(a), 9006(a).

[11]Bankr. Doc. No. 145.

[12]Bankr. Doc. No. 147.

[13]Bankr. Doc. No. 149.

[14]Bankr. Doc. No. 150.

[15]Bankr. Doc. No. 151.

[16]Bankr. Doc. No. 155.

appeal is now before this Court.

## II. DISCUSSION

As noted above, Appellants appeal the denial of their Motion for Relief from Judgment under Rule 9024 of the Federal Rules of Bankruptcy Procedure.[17] This rule makes Rule 60 of the Federal Rules of Civil Procedure applicable to bankruptcy cases.[18]

The denial of a motion for relief under Rule 60(b) is reviewed for an abuse of discretion.[19] Abuse of discretion occurs when the court's findings of fact were clearly erroneous, or there were erroneous conclusions of law.[20] "Reversal of a . . . court's denial of a Rule 60(b) motion is rare because Rule 60(b) authorizes relief in only the most exceptional of cases."[21] "Because Rule 60(b) cannot substitute for an appeal, an appeal from the denial of a Rule 60(b) motion does not present

---

[17] Doc. No. 1.

[18] Fed. R. Bankr. P. 9024. Rule 60 of the Federal Rules of Civil Procedure reads, in relevant part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

[19] *Arnold v. Wood*, 238 F.3d 992, 998 (8th Cir. 2001).

[20] *Gaydos v. Guidant Corp.* (*In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*), 496 F.3d 863, 866 (8th Cir. 2007) (citation omitted)).

[21] *Id.*

3

the underlying judgment for . . . review."[22]

Appellants' Motion for Relief from Judgment: challenges the Bankruptcy Court's November 26 Order; challenges the denial of Appellants' first motion for relief from judgment;[23] asserts that Appellants' two other Chapter 13 bankruptcy cases[24] should have been Chapter 12 cases; alleges that Appellants did not have competent counsel; alleges misconduct by the Government; asserts that the Bankruptcy Court should not have dismissed Appellants' motion for contempt when discovery was not yet complete; and contends that the Bankruptcy Court exceeded its jurisdiction in its November 26, 2008, Order because the Bankruptcy Court "dismissed the automatic stay and made other rulings that should have been made prior to the case being closed 30 October 2007."[25]

Appellants' allegations in connection with their other cases will not be considered in this case. As recognized in the Bankruptcy Court's November 26, 2008, Order, "the bulk of [Appellants'] complaints are related to one or more cases filed in other courts."[26]

Appellants' allegations in connection with not having competent counsel, misconduct by the Government, the dismissal of Appellants' motion for contempt when discovery was not yet complete, and with the Bankruptcy Court exceeding its jurisdiction in its November 26 Order are

---

[22]*Arnold v. Wood*, 238 F.3d 992, 998 (8th Cir. 2001).

[23]Bankr. Doc. No. 145.

[24]3:06-bk-12081; 3:05-bk-19103, United States Bankruptcy Court, Eastern District of Arkansas.

[25]Bankr. Doc. No. 150.

[26]Doc. No. 139.

not timely. Although titled a motion for relief from judgment, Appellants' Motion is an attempt to appeal the November 26 Order after the time for appeal has passed. "Rule 60(b) relief is not appropriate as a substitute for direct appeal of a judgment."[27] The Bankruptcy Court did not abuse its discretion by denying relief based on these arguments.

Appellants' first motion for relief from judgment[28] challenged the Bankruptcy Court's calculation of the date by which the notice of appeal had to be filed. The Bankruptcy Court correctly calculated the date by which Appellants should have filed their appeal.[29]  Under Rules 8002(a) and 9006(a) of the Federal Rules of Bankruptcy Procedure, Appellants had until Monday, December 8, 2008, to file their notice of appeal - - which they failed to do. Thus, the November 26 Order became the law of the case.[30] Again, Rule 60 cannot be used as a substitute for an appeal and the Bankruptcy Court did not abuse its discretion by denying relief.

---

[27]*Design Classics, Inc. v. Westphal (In re Design Classics, Inc.)*, 788 F.2d 1384, 1386 (8th Cir. 1986).

[28]Bankr. Doc. No. 145.

[29]Bankr. Doc. No. 147.

[30]*In re Design Classics*, 788 F.2d at 1386.

**CONCLUSION**

As set out above, the denial of a motion for relief under Rule 60 is reviewed for abuse of discretion. The record does not support a finding that the Bankruptcy Court abused its discretion in denying Appellants' Motion. Accordingly, the Bankruptcy Court's holding in its March 20 Order is AFFIRMED.

IT IS SO ORDERED this 28th day of October, 2009.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE